**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Paul Solomon, Sr., | No. CV-18-00306-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is the motion for an award of attorneys' fees under 42 U.S.C. § 406(b), (Doc. 26), submitted by Plaintiff's counsel, David Chermol ("Counsel"), which the Commissioner does not oppose[1] (Doc. 28). Counsel seeks $38,792.00 in § 406(b) fees. (Doc. 26 at 2.)

The client-attorney fee agreement provides for a contingency fee—Plaintiff agreed that the attorneys' fee would be 25% of all past-due benefits awarded to her. (Doc. 22-2 at 2.) This is unsurprising, as 25% contingency fee agreements are nearly ubiquitous in the context of social security appeals. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802–04 (2002).

Section 406(b) "calls for court review" of contingency fee agreements. *Id.* at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee

---

[1] The Commissioner "has no direct financial stake in the answer to the § 406(b) question" because the fees, if granted, will be taken out of Plaintiff's past-due benefits, and therefore the Commissioner's role "resembl[es] that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

sought is reasonable for the services rendered." *Id.*

The Court must next determine whether it is appropriate to reduce Counsel's recovery "based on the character of the representation and the results the representative achieved" by assessing, for example, whether Counsel is "responsible for delay" or whether "the benefits are large in comparison to the amount of time counsel spent on the case."[2] *Id.* at 808. "Because the SSA has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). "It must be remembered that every dollar that goes to the attorney comes out of an award that otherwise should be going to a person whom the law has said is exceedingly needy." *Ashing v. Astrue*, 798 F. Supp. 2d 1143, 1147 (C.D. Cal. 2011).

Counsel attached the Notice of Award provided by the SSA, which does not indicate the amount of past-due benefits (Doc. 26-1), making it impossible to verify that the award sought does not exceed 25% of this amount.[3] Counsel notes that the $38,792.00 he seeks is the amount withheld by the SSA, and because the SSA stated that it "cannot withhold more than 25 percent of past-due benefits" (*id.* at 1), Counsel assumes that the amount of past-due benefits must be $155,168.00. (Doc. 26 at 2.) The Commissioner did not oppose this assumption (Doc. 28), and therefore the Court might ordinarily accept it. *Dunnigan v. Astrue*, 2009 WL 6067058, *9 (D. Or. 2009), *report and recommendation adopted,* 2010 WL 1029809 (D. Or. 2010) ("Although evidence of the precise amount or

---

[2] This determination does not equate to use of the lodestar method. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of SSDI claimants who need counsel to recover any past-due benefits at all.").

[3] This is, unfortunately, a recurring problem. *See, e.g.*, *Vega v. Comm'r of Soc. Sec. Admin.*, 2:18-cv-01552-DWL, Doc. 26 at 2 ("The Social Security Administration's Notice of Award . . . does not ever identify the amount of past-due benefits awarded to Plaintiff."); *Hires v. Comm'r of Soc. Sec. Admin.*, 2010 WL 2720821, *1 (D. Ariz. 2010) ("[T]he notice does not set forth the total amount of the award. . . . Therefore, we are unable to verify the calculation.").

an estimate supported by the record of the past-due benefit is the better method of establishing this element of the attorney's § 406(b) burden, the record in this case supports accepting [the plaintiff's] attorney's representation as adequate for conducting its reasonableness assessment.").

However, the award sought here is quite large, and the Court is concerned about not having any verification of the amount of past-due benefits, let alone a chart of some kind breaking down the periods of time in which the benefits accrued, as is sometimes submitted with these fee requests.

Accordingly,

**IT IS ORDERED** that Counsel's motion for an award of attorneys' fees under 42 U.S.C. § 406(b) (Doc. 26) is **denied without prejudice**.  Counsel must, within 21 days of this order, submit additional evidence establishing the amount of past-due benefits.  Such evidence should ideally consist of paperwork from the SSA confirming the size of the benefit award.  Alternatively, if Counsel is unable to obtain such paperwork after making a diligent effort to do so, Counsel may submit a declaration setting forth the steps taken to obtain verification paperwork from the SSA.  If and when Counsel submits the required additional evidence, the Court will proceed to analyze the reasonableness of the requested award.

Dated this 29th day of July, 2021.

Dominic W. Lanza
United States District Judge