**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Paul Solomon, Sr., <br><br> Plaintiff, <br><br> v. <br><br> Commissioner of Social Security Administration, <br><br> Defendant. | No. CV-18-00306-PHX-DWL <br><br> **ORDER** |

On July 29, 2021, the Court denied without prejudice Plaintiff's counsel's ("Counsel") motion for award of attorneys' fees under 42 U.S.C. § 406(b), noting that "the Notice of Award provided by the [Social Security Administration ('SSA')]" that Counsel attached to his motion as proof of the amount of past-due benefits did not actually "indicate the amount of past-due benefits . . . , making it impossible to verify that the award sought does not exceed 25% of this amount." (Doc. 29 at 2.)  After all, § 406(b) "calls for court review," and this review is rendered meaningless if the Court has no way to ensure that the "one boundary line" Congress established as to whether the contingency fee agreement is enforceable was met. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Thus, the Court ordered Counsel to "submit additional evidence establishing the amount of past-due benefits," ideally consisting of "paperwork from the SSA confirming the size of the benefit award"—or, "[a]lternatively, if Counsel [were] unable to obtain such paperwork after making a diligent effort to do so, Counsel [could] submit a declaration setting forth the steps taken to obtain verification paperwork from the SSA." (Doc. 29 at 3.)

On July 31, 2021, Counsel submitted a "reply brief as to the 42 U.S.C. § 406(b) motion," which the Court construes as Counsel's declaration setting forth the steps he has taken to obtain verification paperwork from the SSA. (Doc. 30.)[1] Counsel states:

> The undersigned and his staff have now made over 20 phone calls to SSA's Payment Center and expended more than six hours of uncompensated time attempting to communicate with the Payment Center. Those efforts routinely involved extremely long hold times and rarely resulted in the ability to actually speak to a human being. After this additional effort, counsel was able to confirm that SSA has not issued a Notice of Award and that the Agency has refused our requests to issue one.

(*Id.* at 1-2.)

The SSA is responsible for calculating the amount of past-due benefits. Indeed, the SSA cannot pay Plaintiff these past-due benefits, nor calculate the amount of money to withhold for § 406(b) fees, without first performing this basic calculation. Here, the SSA must have already calculated the amount of past-due benefits, and that information must be a part of Plaintiff's record. The SSA is responsible for informing Plaintiff and his attorney as to this amount of past-due benefits, for the obvious reason that Plaintiff has a right to know how much money he is owed, and also because Counsel cannot seek § 406(b) fees until this information is received. *Cf. West v. Astrue*, 2008 WL 4570683, *2 (D. Alaska 2008) ("Eaglin's motion for fees under § 406(b) will be denied without prejudice because it is premature. Eaglin may reassert the motion once the agency calculates past-due benefits."). The SSA's failure to do so—especially after repeated requests to do so—is frustrating and inexplicable.[2] This is not the first time a court has made this observation. *See, e.g., Wilkinson v. Saul*, 2020 WL 4275259, *1 n.1 (D.N.D. 2020) ("Inexplicably, the SSA's award notices do not set forth the total amount of past-due benefits. . . . In short, it is not possible to tell from the information in the award notice whether the SSA has properly calculated the past-due benefits, under withheld for potential attorney fees, or

---

[1] The deadline to file a reply brief has long since lapsed, and the motion has already been denied.

[2] The Court recognizes that the COVID-19 pandemic has caused difficulties for the SSA, along with the rest of the world, for the past 17 months. Nevertheless, notifying disabled claimants who prevail on appeal as to the amount of their past-due benefits is a simple administrative task that presumably takes little time and effort on the SSA's part.

both. Since the SSA obviously made a calculation and given the fact the statute governing fees makes the calculation material, one wonders whether it is being deliberately obtuse in not providing the exact number."); *McCown v. Astrue*, 2009 WL 602939, *3 (S.D.N.Y. 2009) ("Although the plaintiff's application for attorney's fees includes a copy of SSA's determination following the remand, as well as SSA's notification to the plaintiff about his entitlement to benefits beginning July 2003, no information is provided in those documents concerning the total amount of the past-due benefits to which the plaintiff is entitled. The plaintiff's counsel assumes, based on SSA's notification to the plaintiff, that SSA: (i) 'usually withhold[s] 25 percent of past due benefits in order to pay the approved lawyer's fee;' and (ii) 'withheld $10,600.00 from your past due benefits in case we need to pay your lawyer,' that the total amount of the past-due benefits to which the plaintiff is entitled is $42,400. However, in light of the facts that SSA 'usually,' but not always, withholds 25 percent of past due benefits in order to pay attorney's fees and that SSA's determination of the amount of benefits to which the plaintiff is entitled may be appealed, . . . the Court has no basis upon which to determine the reasonableness of the attorney's fee requested or whether the fee requested is within the statutory boundary of 25 percent.").

Accordingly,

**IT IS ORDERED** that within 21 days of the date of this order, the Commissioner shall file a Notice of Award that includes (1) the date when Plaintiff's award went into effect, (2) the total amount of past-due benefits as of the date when the award went into effect, and (3) a chart breaking down the periods of time in which the benefits accrued.

Dated this 3rd day of August, 2021.

Dominic W. Lanza
United States District Judge